(20 Misc. Rep. 669.)

AUTEN v. JACOBUS.

(City Court of New York, General Term. July 2, 1897.)

REAL-ESTATE AGENT—COMMISSIONS.

    Proof that defendant wrote to plaintiff, a broker, that he would give $24,000 for a certain house, and would pay plaintiff's commission; that plaintiff arranged a contract on the terms suggested by defendant; and that defendant evaded the execution of a written contract for the purchase, and did not carry out the bargain, is sufficient to justify a recovery for broker's commissions.

Appeal from trial term.

Action by Abraham R. Auten against Edward Y. Jacobus. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN WYCK, C. J., and McCARTHY and SCHUCHMAN, JJ.

Blandy, Mooney & Shipman, for appellant.

W. R. Bronk, for respondent.

SCHUCHMAN, J. This is an appeal from a judgment entered on a verdict of a jury, and from the order denying the defendant's motion for a new trial, made on the judge's minutes. The action is brought to recover the sum of $240 for broker's commissions in negotiating a sale of the house No. 171 West Seventy-Sixth street, in the city of New York, to the defendant. The defendant, in a letter addressed to the plaintiff, wrote, "I will give twenty-four thousand dollars, and pay your commission," etc. This and other evidence in the case conclusively proves the employment of the plaintiff by the defendant. Subsequently defendant requested the modification of the terms of the purchase of said premises in regard to having an $18,000 mortgage placed on the same, and stated that otherwise he had not the means to buy and pay for the said premises. Plaintiff and the owner, one Mr. Cook, assured the defendant of the said mortgage towards part payment of the purchase price, and a provision in that respect could have been incorporated in a proposed written contract for the sale and purchase of the said property; but when the plaintiff or agent had arranged sufficiently so as to bring the minds of the seller, Cook, and the defendant, the purchaser, together, defendant evaded by some new excuse,—for instance, that his wife was in feeble health, and did not want to undertake the care of a household; or that his son was away in Boston, and would not return for a day or so, and that he wanted his son to look at the house again. It appears clearly that the defendant resorted to dilatory excuses. It appears also clearly that the plaintiff substantially performed his engagements as broker, and had fairly earned his commission. There was some conflict of evidence, but the jury's verdict disposes of that. The jury's verdict is fully sustained by the evidence. The evidence allowed against the defendant's exception and objection at folio 89, although erroneously admitted, could not and did not influence the jury's verdict; and the exceptions at folios

126, 127, and 143 are without merit. The judge's charge presents no reversible error.

Judgment and order appealed from affirmed, with costs. All concur.